**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
IN ADMIRALTY**

CASE NO. 18-CV-1400-CMA

OPENWATER SAFETY IV, LLC,
Plaintiff/Counter-Defendant,

vs.

CONCEPT SPECIAL RISKS, LTD
Defendant, and
GREAT LAKES INSURANCE SE,
Defendant/Counter-Plaintiff.
_____/

**CONCEPT SPECIAL RISKS, LTD's 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISIDICTION AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Defendant, CONCEPT SPECIAL RISKS, LTD, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(2) and Local Rule 7.1 of the United States District Court for the District of Colorado, and for its motion to dismiss the complaint against Defendant CONCEPT SPECIAL RISKS, LTD for lack of personal jurisdiction, respectfully states as follows:

**Factual Background**

The present dispute arises out of a Temporary Binder, issued by the Defendant/Counter-Plaintiff, GREAT LAKES INSURANCE SE, to the Plaintiff/Counter-Defendant, OPENWATER SAFETY IV, LLC. Docket Entry #9, p. 6. GREAT LAKES

INSURANCE SE (hereinafter "GLI") is a German insurance company based in Munich.[1] Prior to 2015, GLI was known as "Great Lakes Reinsurance (UK) PLC."[2]

On April 2, 2018, OPENWATER SAFTEY, IV, LLC (hereinafter "OPENWATER"), submitted an application for a policy of marine insurance to GLI.  DE#9, p. 7, DE#9-1.  OPENWATER submitted the application for the purpose of obtaining a marine insurance policy affording coverage for the Lagoon 52 motor vessel named "Paititi" identified on the application.  DE#9-1, p. 1.

As alleged in GLI's counterclaim, OPENWATER's application included a Letter of Compliance representing that all the recommendations contained within a survey performed on March 15, 2018 had been complied with.  DE#9-2.

The application and Letter of Compliance were submitted to GLI through its managing general agent, Defendant CONCEPT SPECIAL RISKS LIMITED (Hereinafter, "CONCEPT LTD).  CONCEPT LTD's website (www.special-risks.co.uk), which is on the application, states:

> **Security**
> We are proud to offer both Hull and Third Party Liability coverage ***on behalf of Great Lakes Insurance SE*** [emphasis added].[3]  DE#9-1, p. 1.

---

[1] https://www.munichre.com/en/reinsurance/contact/worldwide/europe/united-kingdom/great-lakes-uk/about-us/index.html
[2] https://www.munichre.com/en/reinsurance/contact/worldwide/europe/united-kingdom/great-lakes-uk/about-us/history/index.html
[3] The word "behalf" is defines as, "**1** in the interests of a person, group, or principle, **2** as a representative of."  *The New Oxford American Dictionary*, Second Edition, Oxford University Press (2005).  The word "behalf" is synonymous with, "**1 as a representative of**, as a spokesperson for, for, in the name of, in place of, on the authority of, at the behest of.  **2 in the interests of**, in support of, for, for the benefit of, for the good of, for the sake of."  *Pocket Oxford American Thesaurus*, Oxford University Pres (2nd ed.2008).

In response to the application, CONCEPT LTD issued a Quotation, offering terms and conditions for a policy of marine insurance, which stated, "**Insurance Provider: Great Lakes Insurance SE**". DE#21-1, p. 2.

In reliance upon the material representations contained in the application and the Letter of Compliance, GLI issued a Temporary Binder for marine insurance Policy No. CSRYP/167347. DE#1-4. The Temporary Binder afforded $780,000.00 in first-party Hull & Machinery coverage against the risks detailed therein, subject to the Temporary Binder's express and implied terms, warranties, conditions, and exclusions. DE#1-4 and DE#1-6, pp. 2-4. The Temporary Binder states, "**Insurance Provider**: Great Lakes Insurance SE".[4] DE#1-4, p. 2.

The Policy states, "It is further agreed that: a) the Assured may serve process upon any senior partner in the firm of: Mendes & Mount, LLP, 750 7th Avenue, New York, NY 10019" and that "The above named are authorized and directed to accept service of process on behalf of Underwriters…" DE#1-6, p. 14.[5]

The application was submitted to CONCEPT LTD by OPENWATER's agent, Maritime Program Group, Inc. The Temporary Binder states, "**Assured's Agent:** Maritime Program Group, Inc." DE#9-3, p. 1.

On April 28, 2018, the "Paititi" is alleged to have suffered a dismasting. DE#1, p. 6. Following the report of the dismasting, GLI caused a full investigation to be made

---

[4] An "insurer" is, "[t]he underwriter or insurance company with whom a contract of insurance is made. The one who assumes risk or underwrites a policy, or the underwriter or company with whom [a] contract of insurance is made." *Black's Law Dictionary* (6th ed.1990). The word "insure" is synonymous with "underwrite." *Pocket Oxford American Dictionary* (2nd ed.2008).

[5] The case of *Friar v. T.L. Dallas (Special Risks) Ltd.*, discussed *supra*, establishes that the word "Underwriters" refers to the marine insurer, not to the agent, whether that is T.L. Dallas, Osprey, or CONCEP LTD.

into the causes and circumstances of the loss. DE#9, p. 9. The investigation established that the dismasting was not caused by a fortuitous event as required by the terms of the Policy. DE#9, p. 10. Moreover, the investigation established that, contrary to the material facts represented and certified in the Letter of Compliance, numerous recommendations contained in the survey of March 15, 2018 had not been complied with. DE#9, pp. 11-14. Therefore, GLI denied coverage for the dismasting of April 29, 2018 on three bases; (1) the lack of any coverage in the Policy for non-fortuitous loss, (2) the breach of OPENWATER's express and implied duty to disclose all material facts prior to the issuance of the Policy, and (3) OPENWATER's breach of the Policy's express warranty that all the recommendations of the March 15, 2018 survey had been complied with. DE#9.

Since GLI is identified in multiple places as the insurer in this matter, the undersigned counsel for GLI sent two emails to counsel for OPENWATER informing him that CONCEPT LTD was GLI's agent and was therefore not a proper party.[6] Those emails are attached here to as Exhibit 1. The undersigned counsel even directed Mr.

---

[6] Under both federal admiralty law and New York law, the agent for a disclosed principal cannot be liable for the acts or omissions of the principal. *Fireman's Fund McGee Marine Underwriters v. Caroline, et al.*, 2004 A.M.C. 430, 433 (S.D.N.Y.2004), *Helene and Charles Williams v. Royal Caribbean Cruise Lines, Inc.*, 1991 A.M.C. 237, 247 (D.N.J.1991), *Di Benedetto v. Moller Steamship Co.*, 186 F.Supp. 228, 230; 1960 A.M.C. 741 (S.D.N.Y.1959). GLI's policy of marine insurance contains a choice of law clause requiring the application of federal admiralty law or, where there is no applicable federal admiralty law, New York law. DE#9-3, p. 17. This choice of law clause has been held valid and enforceable by numerous federal courts throughout the United States. *Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.*, 585 F.3d 236, 242; 2010 A.M.C. 185 (C.A.5.2009), *Great Lakes Reinsurance (UK) PLC v. Vasquez*, 341 Fed.Appx. 515 (C.A.11.2009), *AGF Marine Aviation & Transport v. Cassin*, 544 F.3d 255, 262; 2008 A.M.C. 2300, (C.A.3.2008*), Great Lakes Reinsurance (UK), PLC v. Rosin*, 757 F.Supp.2d 1244; 2011 A.M.C. 223 (S.D.Fla.2010), *Great Lakes Reinsurance (UK) PLC v. Dion*, 2010 A.M.C. 338 (S.D.Cal.2009), *Great Lakes Reinsurance (UK) PLC v. Sea Cat I, LLC*, 653 F.Supp.2d 1193, 1199; 2010 A.M.C. 703 (W.D.Ok.2009), *Great Lakes Reinsurance (UK) PLC v. Southern Marine Concepts Inc.*, 2009 A.M.C. 1093, 1095 (S.D.Tex.2008).

Oertli to a prior case in which the exact same thing had happened; GLI's agent, T.L. Dallas, was sued for breach of the marine insurance policy, and the insured dropped the claim against the agent, T.L. Dallas, because GLI was the only proper party. *Great Lakes Reinsurance (UK) PLC v. Rosin*, 757 F.Supp.2d 1244, fn. 1; 2011 A.M.C 233 (S.D.Fla.2010).[7] The undersigned counsel then explained that the law firm of Mendes & Mount LLP in New York is only GLI's agent for service of process, which is expressly stated in the policy, and not CONCEPT LTD's, and that any attempt to serve CONCEPT LTD at Mendes & Mount LLP would therefore be ineffective.  Ex 1.

Even if Mr. Oertli did not believe the undersigned's representations regarding the role of CONCEPT LTD, a little Internet investigation by Mr. Oertli would have further clarified the role of CONCEPT LTD.  If Mr. Oertli had searched through the United Kingdom's Registry of Companies, he would have seen that CONCEPT LTD is a Private Limited Company incorporated in the United Kingdom.[8]  The nature of CONCEPT LTD's business is "Activities of insurance ***agents and brokers***."  *Id* [emphasis added].

The status of CONCEPT LTD is further revealed by reviewing the numerous cases in which CONCEPT LTD has acted as the agent for GLI.  Case after case

---

[7] At that time, GREAT LAKES INSURANCE SE was known as Great Lakes Reinsurance (UK) PLC and CONCEPT LTD was known was T.L. Dallas Special Risk Limited.  Despite the name changes, these are exactly that same parties as in the present case, with exactly the same principal-agent relationship.
[8] Information about CONCEPT LTD is publicly available through the United Kingdom's Registry of Companies: https://beta.companieshouse.gov.uk/company/00952756.

recognizes that CONCEPT LTD (and its corporate predecessors, T.L. Dallas and Osprey)[9] has only ever acted as the disclosed agent for the actual marine insurer:

- "Great Lakes issued both policies through authority granted to Osprey Special Risks Limited ("Osprey"), Great Lakes' underwriting agent." *Great Lakes Reinsurance (UK) PLC v. Kranig*, 2013 WL 2631861 (D.V.I.2013).

- "Seitlin Insurance Agency submitted an application for insurance to T.L. Dallas (Special Risks) Ltd., which was Great Lakes' authorized underwriting and claims handling agent." *Great Lakes Reinsurance (UK) PLC v. Gonzales*, 2012 A.M.C. 2639, 2641 (S.D.Fla.2012).

- "Hull personnel submitted the request to T.L. Dallas (Special Risks) Ltd., (TLD), an underwriter authorized to receive and evaluate applications for marine insurance coverage that Defendant Great Lakes could write[.]" *Joseph v. Great Lakes Reinsurance (UK) PLC*, 2011 WL 1230841, p. 2 (N.D.Oh.2011).

- "The broker obtained the insurance from T.L. Dallas (Special Risks) Ltd., an underwriting agent of Plaintiff [Great Lakes Reinsurance (UK) PLC]." *Great Lakes Reinsurance (UK), PLC v. Sea Cat I, LLC*, 653 F.Supp.2d 1193, 1196; 2010 A.M.C. 703 (W.D.Ok.2009).

- "Mr. Nederlanden sent the Yacht Information form regarding Defendant Arbos to T.L. Dallas (Special Risks) Ltd. ("TLD"), where it was treated as a request for an insurance quote. TLD acts as the underwriting agent for Plaintiff[.]" *Great Lakes Reinsurance PLC v. Arbos*, 2009 A.M.C. 334, 336 (S.D.Fla.2009).

- "TLD acts as the underwriting agent for [Great Lakes Reinsurance PLC], receiving and evaluating applications submitted by brokers such as Atlass." *Great Lakes Reinsurance PLC v. Barrios*, 2009 A.M.C. 482, 484 (S.D.Fla.2008).

- "[R]eports were sent to T.L. Dallas (Special Risks) Ltd., managing agents for Great Lakes." *Great Lakes Reinsurance (UK) PLC v. Blue Sea, LLC*, 2006 WL 2471522, p. 2 (M.D.Fla.2006).

- "T.L. Dallas (Special Risks) Ltd. acted as a marine underwriting agent for and on behalf of ING in the procurement of insurance for the vessel

---

[9] See Certificates of Incorporation on Change of Name from the Registrar of Companies for England and Wales, filed with this Court as DE#21-3 and DE#21-4.

SOLUZION (a/k/a SOLUTION)."  *Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 196; 2005 A.M.C. 2344 (D.P.R.2005).

On the basis of these undisputed facts, it is GLI's position (1) that CONCEPT LTD is not a proper party to this litigation, (2) that CONCEPT LTD is not amenable to service anywhere in the United States, and (3) that this Court cannot exercise personal jurisdiction over CONCEPT LTD.  *See*, *e.g.*, *William Friar, Jr., et al v. TL Dallas (Special Risk), Ltd.*, 2003 AMC 1640 (S.D.Tex.2003).

## Argument and Citation to Authority

1. Jurisdiction Under Colorado's Long-Arm Statute, C.R.S.A. § 13-1-124

Whether subject-matter jurisdiction is based on diversity or admiralty (both of which exist in the present case), questions of personal jurisdiction are resolved by looking to the long-arm statute of the state in which the federal court sits.  *Johns v. Taramita*, 132 F.Supp.2d 1021, 1027; 2001 A.M.C. 1442 (S.D.Fla.2001) (fn. 8), *Afflerbach v. Cunard Line, Ltd.*, 14 F.Supp.2d 1260, 1263; 1999 A.M.C. 283 (D.Wy.1998), *McAleer v. Smith*, 818 F.Supp. 486, 490; 1993 A.M.C. 2698 (D.RI.1993*)*, *ICC Handels, A. G. v. S.S. Seabird*, 544 F.Supp. 58, 60; 1983 A.M.C. 428 (S.D.N.Y.1982).  Therefore, since this matter was brought by OPENWATER in the United States District Court for the District of Colorado, the exercise of personal jurisdiction over CONCEPT LTD is only proper if it comports with the Colorado Long-Arm Statute, the due process clause of the United States Constitution, and the due process clause of the Colorado Constitution.  *Id.*

Colorado's long-arm statute extends the jurisdiction of Colorado courts to the maximum limit permitted by the due process clause of the United States Constitution.

*Goettman v. North Fork Valley Restaurant*, 176 P.3d 60, 67 (Colo. 2007).  Therefore, the entire personal jurisdiction analysis rests on whether personal jurisdiction over CONCEPT LTD is permitted by the due process clause of the United State Constitution.  *Id.*

2. <u>Standard for Considering A Motion to Dismiss Under Rule 12(b)(2)</u>

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that the court has jurisdiction over the defendant.  *Metro Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).  Under Fed.R.Civ.P. 12(b)(2), an agent of a corporation is not usually subject to personal jurisdiction merely because the corporation is subject to personal jurisdiction.  *Wilbourn v. Mostek Corp.*, 537 F.Supp. 302, 304 (D.Colo.1982).  Even if the lawsuit arises out of the agent's activities in the forum state, the agent will not be subject to personal jurisdiction if he only transacts business on behalf of the corporate principal.  *Id.*

On a 12(b)(2) motion to dismiss, the district court has discretion to gather evidence and consider written documents and affidavits in order to determine the facts as they exist.  *Ten Mile Indus. Park v. Western Plains Service Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987).  The district court may also consider affidavits submitted by the parties.  *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983).

Federal due process permits personal jurisdiction over nonresident corporations only when the defendant has had "certain minimum contacts with the [forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

8

As detailed above, the following facts are established by the documents already on file with this Court, were known to Plaintiff OPENWATER when the Temporary Binder was issued, and are not contradicted by any of the facts asserted in the Plaintiff's pleadings. These facts show that CONCEPT LTD has no contact with Colorado whatsoever besides those contacts in which it acted as GLI's fully disclosed agent.

- CONCEPT LTD is a private limited company incorporated in the United Kingdom. It's only office is in the United Kingdom. *See supra* n. 7.
- The application submitted by OPENWATER to GLI's agent, CONCEPT LTD, provides CONCEPT LTD's website. DE#9-1. CONCEPT LTD's website states, "**Security**… We are proud to offer both Hull and Third Party Liability coverage ***on behalf of Great Lakes Insurance SE***. DE#9-1, p. 1 [emphasis added].
- CONCEPT LTD issued a Quotation which stated, "**Insurance Provider:** Great Lakes Insurance SE." DE#21-1, p. 2.
- CONCEPT LTD issued the Temporary Binder which stated, "**Insurance Provider:** Great Lakes Insurance SE." DE#1-4, p. 2.
- The policy of insurance stated that the law firm of Mendes & Mount "are authorized and directed to accept service on behalf of Underwriters…" DE#9-3, p. 1.
- The United Kingdom's Registry of Companies states that CONCEPT LTD is a business engaged in "[a]ctivities of insurance agents and brokers." DE#21, p. 5.

- More than fifteen years of reported federal court decisions state that CONCEPT LTD, as well as corporate predecessors, is not a marine insurance company. DE#21, pp. 5-6. These numerous decisions identify CONCEPT LTD, as well as its corporate predecessors, as the fully disclosed agent of the marine insurer. *Id.*

3. Application of Law to CONCEPT LTD.

Fortunately, the issue raised here is neither complicated nor novel. This exacts issue, involving the exact same party acting as fully disclosed agent, has already arisen in other federal court cases and has already been fully analyzed. In both the cases considered below, the federal court was presented with a marine insurance coverage dispute, exactly like the present case, in which the disgruntled insured sued both the marine insurer disclosed on the policy and the fully disclosed agent, CONCEPT LTD (or its corporate predecessor). In both the cases considered below, the federal court held that the exercise of personal jurisdiction over CONCEPT LTD was not permitted under the due process clause of the United States Constitution, notwithstanding the marine insurer's undisputed contacts with the forum.

Exactly like the present case, *Jump v. T.L. Dallas (Special Risks) Ltd.*, 2003 WL 21688663 (N.D.Ill.2003) involved a policy of marine insurance affording first-party property damage coverage for a vessel. *Id.* The agent for the insured submitted the application for coverage to the insurer's fully disclosed agent, T.L. Dallas.[10] *Id.* T.L.

---

[10] As this Court knows, "T.L. Dallas (Special Risks) Ltd." is the name by which CONCEPT LTD was known at that time. DE#21-3 and DE#21-4. It is the exact same party as in the present dispute, with the exact same relationship to the actual marine insurer.

Dallas received the application and issued a policy of marine insurance on behalf of Reliance National Ins. Co. *Id.* When the vessel was stolen, the insured submitted the claim to T.L. Dallas, just as OPENWATER submitted its claim to CONCEPT LTD in the present matter. *Id.* T.L Dallas considered the facts of the loss, determined that there was no coverage, and issued a denial letter to the insured on behalf of the insurer, just like CONCEPT LTD in the present matter. *Id.* In response, the unhappy insured sued both Reliance and T.L. Dallas, just like OPENWATER has sued both GLI and CONCEPT LTD in the present matter.

For purposes of asserting personal jurisdiction over T.L. Dallas, the unhappy insured in *Jump* alleged that (1) T.L. Dallas carried out business in Illinois, (2) T.L Dallas' name appeared on the policy's cover note, and (3) the demand for coverage was made to T.L. Dallas. *Id*, at 5-6. T.L. Dallas moved to dismiss for lack of personal jurisdiction, just as CONCEPT LTD is doing in the present matter. *Id*, at 4. Based on those facts, which are identical to the facts in the present case, the Northern District of Illinois held that the unhappy insured had "not point[ed] to any specific actions taken by TL Dallas that reflect it purposefully availed itself of the privilege of conducting activities in Illinois." *Id*, at 6. Therefore, the district court held that the claims against T.L. Dallas had to be dismissed for lack of personal jurisdiction.

Exactly like the present case, *Friar v. T.L. Dallas (Special Risks) Ltd.*, 2003 A.M.C. 1640 (S.D.Tex.2003) involved a policy of marine insurance affording first-party property damage coverage for a vessel. *Id.* Acting through his insurance agent, the insured submitted an application for marine insurance coverage on a form provided by

11

the insurer's fully disclosed agent, T.L. Dallas. *Id*, at 1641.  When the vessel caught fire and sank, the insured submitted a claim to T.L. Dallas. *Id*.  When the claim was denied, the unhappy insured sued both T.L. Dallas and the actual marine insurer, Hamburger Versicherungs-AG.  *Id*.

For purposes of asserting personal jurisdiction over T.L. Dallas, the insured made two arguments.  First, the insured argued that T.L. Dallas had handled their marine insurance account for the past ten years, even when the policy had been issued by a different marine insurer.  *Id*, at 1643.  Second, the insured argued that both T.L. Dallas and the actual marine insurer were bound by the marine insurance policy's Service of Suit clause.  *Id*, at 1643.  Similar to the marine insurance policy at issue here, the Service of Suit clause in *Friar* only referred to effectuating service of process on the "Underwriters" of the marine insurance policy.  *Id*.  However, despite the many years that T.L. Dallas had acted as agent for multiple marine insurers, the Southern District of Texas held that T.L. Dallas was not subject to personal jurisdiction due to the Service of Suit clause and that the exercise of personal jurisdiction over T.L. Dallas "would offend traditional notions of fair play and substantial justice."  *Id*.

The facts from *Jump* and *Friar* are identical to the present case.  Just as in those cases, CONCEPT LTD is a private limited company incorporated in the United Kingdom and possessing an office in the United Kingdom.  Just as in those cases, CONCEPT LTD has no connection to any part of the United States except for acting as the fully disclosed underwriting and claims agent for the actual marine insurer, GLI.  Just as in those cases, OPENWATER's agent, Maritime Program Group, submitted an application

for coverage to CONCEPT LTD. DE#9-3, p. 1. Just as in those cases, the application was drafted by CONCEPT LTD and had CONCEPT LTD's name on the form and on the letterhead. DE#9-1, DE#9-2, and DE#9-3. Just as in those cases, GLI was disclosed on the Quotation, Temporary Binder, and CONCEPT LTD's website as the actual insurer. DE#9-1, p. 1, DE#9-3, p. 1, DE#21-1. Just as in those cases, CONCEPT LTD had not contact with forum apart from its actions on behalf of the fully disclosed insurer.

None of these facts are contradicted by the unsupported allegations in OPENWATER's Complaint and none of these facts allow this Court to exercise personal jurisdiction over CONCEPT LTD. DE#1. *See supra*, n. 5.

It would offend traditional notions of fair play and substantial justice for this Court to exercise personal jurisdiction over CONCEPT LTD, which only acted as the agent for a fully disclosed principal, GLI. Therefore, since personal jurisdiction is an indispensable prerequisite to the maintenance of any suit by OPENWATER against CONCEPT LTD, this Court should dismiss OPENWATER's claims against CONCEPT LTD.

WHEREFORE, Defendant CONCEPT LTD moves that this Court dismiss all claims by OPENWATER against CONCEPT LTD and award all such further relief as may be appropriate in the premises.

Dated this 27th day of August, 2018.

Respectfully submitted,

ATTORNEYS FOR GREAT LAKES
INSURANCE SE

| McCONAUGHY & SARKISSIAN, P.C. | GOLDMAN & HELLMAN |
|---|---|
| By:   /s/ Elizabeth C. LaVance<br>Ivan A. Sarkissian, CO Bar No. 28817<br>Elizabeth C. LaVance, CO Bar No. 50751<br>8310 South Valley Highway, Suite 250<br>Englewood, Colorado 80112<br>Tel: (303) 649-0999<br>Fax: (303) 649-0990<br>Email: sarkissian@mslawpc.com<br>Email: elavance@mslawpc.com | By:   /s/ Michael I. Goldman<br>Michael I. Goldman, MA Bar No. 677362<br>Goldman & Hellman<br>233 Harvard Street, Suite 211<br>Brookline, MA 02446<br>Tel: (617) 566-4200<br>Fax: (617) 566-4292<br>Cell: (617) 320-9854<br>Email:michael@goldmanandhellman.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I electronically filed the foregoing **CONCEPT SPECIAL RISKS, LTD's 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISIDICTION AND INCORPORATED MEMORANDUM OF LAW** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Richard A. Oertli, #24926
24800 Squaw Pass
Evergreen, CO 80439
T: 720-799-5217
E: dickoertli@gmail.com
Counsel for Openwater Safety IV, LLC

                              /s/ Michael I. Goldman