| | |
|---|---|
| **From:** | Michael Goldman |
| **To:** | "dickoertli@gmail.com" |
| **Cc:** | "Steven Eric Goldman" |
| **Subject:** | FW: Openwater v. GLI - Concept Special Risks, Ltd. |
| **Date:** | Wednesday, June 13, 2018 2:44:00 PM |

Dick,

Per my email below, Great Lakes has been properly served and will be filing an answer within 21 days allowed under Rule 12(a)(1)(A)(i).  According to my calculations, our answer, affirmative defenses, and any counterclaim will be due on 6/28/2018.

Nobody will be entering any appearance for Concept since they are not a proper party and have not been served.  Mendes & Mount and is not Concept's agent for service of process.

Regards,
Michael

Michael I. Goldman, Esq.
Goldman and Hellman
233 Harvard St., Suite 211
Brookline, MA 02446
C (617)320-9854
F (617)566-4292
E michael@goldmanandhellman.com
W www.goldmanandhellman.com

I have never made a bar complaint.
Except one time in 1987  at The Oak Room in the Plaza when I ordered a Bombay Gibson and was served a Gimlet.

What the policy says about Mendez has not always been honored.  Will someone enter their appearance asap? That.woild solve the problem.

---

**From:** Michael Goldman <michael@goldmanandhellman.com>
**Sent:** Wednesday, June 13, 2018 12:17 PM
**To:** 'dickoertli@gmail.com' <dickoertli@gmail.com>
**Cc:** 'Steven Eric Goldman' <steven@goldmanandhellman.com>; 'jacquie@goldmanandhellman.com' <jacquie@goldmanandhellman.com>; 'Ivan Sarkissian' <ISarkissian@mslawpc.com>
**Subject:** RE: Openwater v. GLI - Concept Special Risks, Ltd.

Good Afternoon Dick,

As for service, Great Lakes has already been properly served, per the terms of the policy which establish that Mendes & Mount is their agent for service of process.

As for Concept, Concept is not a party to the insurance contract and is merely the agent of Great Lakes. Therefore, proper service on Great Lakes is not service on Concept. Until properly served, Concept will not even be responding. If you dismiss the complaint against Concept, of course the dismissal should be without prejudice. They are not a party to the contract and have never been held to be a proper party in any matter disputing the coverage afforded under a policy of marine insurance issued by Great Lakes.

Yes, Concept is certainly mentioned in the caselaw, as are the corporate predecessors (TL Dallas and Osprey) precisely because Concept is the underwriting and claims agent. When we get to discovery, Tony Usher of Concept Special Risks will be our 30(b)(6) witness. As you'll see in the caselaw, Mr. Usher has been mentioned numerous times by name and has always been acceptable.

If you have any doubts as to the propriety of dismissing Concept, I encourage you to discuss the matter with the broker who helped your client procure the policy, Maritime Program Group, in Connecticut. They are clearly listed as such on the Temporary Binder and I am certain they will confirm what I am telling you.

As for moving the vessel, we have no authority to respond or make any representations. Therefore, we urge your client to act as a prudent uninsured.

At this point, we are in no position to make any concessions with respect to substantive issues in the matter. However, be advised that, within the time allowed for under the federal rules, we will be responding with a counterclaim alleging misrepresentation of material fact in connection with the Letter of Compliance.

For the moment, all we are trying to do is get the pleadings right and dispose of the extraneous claims against Concept.

As one Marine to another, I'm just trying to tell you what the actual relationships are in order to avoid wasting time on an irrelevant issue. If you later find that I've misrepresented anything to you regarding the relationship between Concept and Great Lakes, you are welcome to file a bar complaint.

Regards,
Michael

Michael I. Goldman, Esq.
Goldman and Hellman
233 Harvard St., Suite 211
Brookline, MA 02446
C (617)320-9854
F (617)566-4292
E michael@goldmanandhellman.com
W www.goldmanandhellman.com

**From:** Richard Oertli <dickoertli@gmail.com>

**Sent:** Wednesday, June 13, 2018 11:43 AM
**To:** Michael Goldman <michael@goldmanandhellman.com>
**Subject:** Re: Openwater v. GLI - Concept Special Risks, Ltd.

Michael,

Thank you for the heads up. I will certainly look into it.

Based on several published cases where Concepts is a co-Defendant and based on Concept's name popping up numerous times in the Openwater file, I am surprised to hear Concept is not a proper and necessary party. I will talk to my client and get back to you next week.

Are you willing to accept service for Great Lakes?

Is Great Lakes willing to enter into a reservation of rights and cover the vessel for moving from the foreign port to Florida.

Is Great Lakes willing to recant from the accusation of its agent that Mr. Genaud lied?

If Concept is dismissed (which may not be likely), can the dismissal be without prejudice?

Semper fi,

Dick

On Wed, Jun 13, 2018 at 9:28 AM, Michael Goldman <michael@goldmanandhellman.com> wrote:

> Good Morning Dick,
>
> My name is Michael Goldman and I am co-counsel for Great Lakes Insurance SE.  As soon as you have a moment, can you please give me a call to discuss the role of Concept Special Risks, Ltd. in this matter?  Concept is merely the underwriting and claims agent for Great Lakes.  As such, they are the agent of a disclosed principal and not a proper party to this case.  If you do a Westlaw search for other cases involving Great Lakes (which was, until very recently, "Great Lakes Reinsurance (UK) SE"), you will see that Goldman & Hellman has represented Great Lakes on numerous occasions and that Great Lakes has always been the proper party in any marine insurance coverage dispute, never Concept.  For instance, in the case of *Great Lakes v. Rosin*, the insured did the same thing you have done and filed a claim against Concept (which was known then as T.L. Dallas).  *Great Lakes Reinsurance (UK), PLC v. Rosin*, 757 F.Supp.2d 1244, fn. 1; 2011 A.M.C. 223 (S.D.Fla.2010).  Just as in our present case, we explained to opposing counsel that Concept/TL Dallas was merely the underwriting and claims agent for Great Lakes.  Just as we are asking in our present case, the insured voluntarily withdrew the claims originally submitted against TL Dallas and the matter proceeded solely between the only proper parties, Great Lakes and the insured.
>
> Therefore, could you please give me call as soon as is convenient to discuss the voluntary

dismissal of your claims against Concept?  Much appreciated.

Regards,
Michael

P.S. My father, Steven Goldman, tells me that you're also a retired Marine.  Semper fi!  My brother and I both served in the Marines.  The attached picture of the Marine in the Humvee is my brother in Fallujah in 2006.

Michael I. Goldman, Esq.
Goldman and Hellman
233 Harvard St., Suite 211
Brookline, MA 02446
C (617)320-9854
F (617)566-4292
E [michael@goldmanandhellman.com](mailto:michael@goldmanandhellman.com)
W [www.goldmanandhellman.com](http://www.goldmanandhellman.com)