# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-1400

OPENWATER SAFETY IV, LLC

Plaintiff,

v.

CONCEPT SPECIAL RISKS, LTD, and

GREAT LAKES INSURANCE SE,

Defendants.

## OPENWATER'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1. Openwater moves for leave to file the attached Amended Complaint.

   **CONFERRAL**: Defendants' counsel objects to this motion.

2. There is no Scheduling Order, setting a deadline on amending.

3. This action was filed on June 6, 2018.

4. Without being served, Great Lakes filed an Answer on June 21.

5. Plaintiff's counsel sent several emails to counsel from June 23 to at least August 15, requesting that Concept consent to the jurisdiction of this Court, pursuant to the representation in an "Insuring Agreement" that it and Great

Lakes would accept service in any action in "the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides" or ""in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this contract of insurance"." [Insuring Agreement], page 14. See paragraphs 12-15 of Openwater's Response To Motion To Dismiss. But Counsel for Great Lakes has said that Concept would not accept service; and in its Motion to Dismiss, Great Lakes says Concept is not "amenable to service anywhere in the United States". See paragraph 63 of Openwater's Response.

6. Openwater began the process of obtaining formal service over Concept on July 7 through the Royal Courts of Justice in the United Kingdom under the Hague Convention. According to HM Courts & Tribunals Service, Concept was served through its Secretary, Michael George Calvert, on August 8, and proof of service was executed on September 10. On September 20, Plaintiff's counsel received in his mailbox the documentation of service from the HM Courts & Tribunals Service .

7. Disclosures from Great Lakes were due by July 25, 2018. Great Lakes did not provide a copy of the agency agreement between Great Lakes and Concept until September 7, 2018. The agreement was not signed by Concept, nor were Great Lakes' interrogatory responses signed. (On September 24, Plaintiff's counsel

received an email from Defendants' counsel saying that "the executed copy of GLI's answers to … discovery requests" had just been placed into the mail.) The agreement is more than sixty pages; and is so complex it may require interpretation by an expert in the insurance industry. But it appears Great Lakes has vested absolute authority in Concept to bind and deny insurance, which may mean Concept is an insurer, and Great Lakes is a re-insurer.

8. At the hearing on August 10, 2018, there was a discussion about Openwater amending its Complaint and adding tort claims against Concept because Great Lakes' counsel was taking the position that Concept was immune from liability under the policy because Great Lakes, in his opinion, was a fully disclosed principal [Plaintiff's counsel later learned that Great Lakes had never issued a Policy.].

9. On August 27, 2018, Concept filed a Motion to Dismiss for lack of jurisdiction. Openwater submitted its Response and Affidavit on September 17, 2018. Concept's counsel, who also represents Great Lakes, filed a motion on September 21, requesting that the time to file a Reply be extended to October 15, 2018.

10. Originally, it looked like Great Lakes had issued a Policy; and Great Lakes has even filed a Counterclaim based on representations and warranties in a "Policy". After reviewing more than 1,000 pages of information on a disc

provided as disclosures by Great Lakes (even though all of the documents on the disc are from Concept's files, and not Great Lakes'), it became clear to Plaintiff's counsel that a Policy was never issued. Great Lakes counsel has recently admitted in an email that a Policy had not been issued.

11. The allegations in the Complaint need to be changed from a breach of a Policy to a Bad Faith Breach of a Temporary Binder, which Openwater has recently discovered was issued by Concept (not by Great Lakes), on April 4, which took effect on April 7, 22 days before the dismasting of Openwater's vessel and 30 days before the expiration of the Binder.

12. Pursuant to Federal Rule of Civil Procedure 15(a), "the court should freely give leave [to amend the pleadings] when justice so requires." *Johnson v. Dash*, 12-cv-02400-REB-KMT (D. Colo. 2013). See also, *York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the

4

leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

13. Amending the Complaint would not be futile and it would not result in an

    undue delay or undue prejudice.

Respectfully submitted this 25th day of September, 2018.

*/s/ Richard A. Oertli*

Richard A. Oertli, #24936
24800 Squaw Pass
Evergreen CO 80439
720-799-5217
Email: dickoertli@gmail.com
Counsel for Openwater Safety IV, LLC


### CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

ATTORNEYS FOR DEFENDANTS:

Michael Isaac Goldman
Goldman & Hellman-Brookline
233 Harvard Street
Suite 211
Brookline, MA 02446

5

617-320-9854
Fax: 617-566-4292
Email: michael@goldmanandhellman.com

Ivan Arek Sarkissian
McConaughy & Sarkissian, P.C.
8310 South Valley Highway
The Pointe at Inverness
Suite 250
Englewood, CO 80112
303-649-0999
Email: isarkissian@mslawpc.com

Steven E. Goldman
Goldman & Hellman
8751 West Broward Boulevard
Suite 404
Ft. Lauderdale, FL 33324
954-356-0460
Fax: 954-832-0878
Email: steven@goldmanandhellman.com

Elizabeth LaVance
McConaughy & Sarkissian, P.C.
8310 South Valley Highway
The Pointe at Inverness
Suite 250
Englewood, CO 80112
303-649-0999
Fax: 303-649-0990
Email: elavance@mslawpc.com

*/s/ Gregg Roberts*

Gregg Roberts
Legal Assistant for Richard A. Oertli
gregg@legalsupport-sc.com