**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
IN ADMIRALTY**

CASE NO. 1:18-cv-01400-NYW

OPENWATER SAFETY IV, LLC,
Plaintiff/Counter-Defendant,

vs.

CONCEPT SPECIAL RISKS, LTD
Defendant, and
GREAT LAKES INSURANCE SE,
Defendant/Counter-Plaintiff.
_____/

**DEFENDANT/COUNTER-PLAINTIFF GREAT LAKES INSURANCE SE AND
DEFENDANT CONCEPT SPECIAL RISKS, LTD'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

COMES NOW Defendant/Counter-Plaintiff, GREAT LAKES INSURANCE SE (hereinafter "GLI"), and Defendant CONCEPT SPECIAL RISKS, LTD (hereinafter "CONCEPT"), by and through their undersigned counsel, who hereby submit this Response in Opposition to Plaintiff's Motion for Leave to File and Amended Complaint, and further thereto respectfully state as follows:

**FACTUAL BACKGROUND**

The present dispute arises out of a Temporary Binder of marine insurance (hereinafter "Temporary Binder") issued by the Defendant/Counter-Plaintiff, GLI, to the Plaintiff/Counter-Defendant, OPENWATER SAFETY IV, LLC ("OPENWATER"). Docket Entry #9, p. 6, ¶ 1.

Throughout its pleadings thus far, OPENWATER has mistakenly asserted that GLI is a reinsurer and that CONCEPT was in fact the insurer. At all times relevant hereto, CONCEPT was merely the authorized underwriting and claims handling agent for and on

1

behalf of GLI with respect to the policy of marine insurance issued to OPENWATER by GLI. *See* DE's #26, 40, 40-1.

On April 28, 2018, while the Temporary Binder was in full force and effect, the insured vessel is alleged to have suffered a dismasting. *See* DE #1, p. 6. GLI and OPENWATER dispute whether there is coverage for the incident of April 28, 2018. On June 6, 2018, OPENWATER filed its Complaint in the present matter against both GLI and CONCEPT. *See* DE #1. The Complaint sets forth two claims for relief: 1) Plaintiff seeks a declaratory judgment that the incident of April 28, 2018, is covered under the marine insurance policy, which OPENWATER alleges was issued by GLI and CONCEPT; and 2) Plaintiff asserts that the denial of coverage is a breach of contract allegedly attributable to both GLI and CONCEPT. DE #1, pp's 9-14.

On August 27, 2018, CONCEPT filed its 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. DE #26. On September 17, 2018, OPENWATER filed its Response to CONCEPT's Motion to Dismiss for Lack of Personal Jurisdiction. DE #29. In its Response, OPENWATER incorrectly asserts that CONCEPT is the insurer and that GLI is a reinsurer. *Id.*, p. 16, ¶ 62. In addition, OPENWATER asserts, for the first time, that Wager & Associates is CONCEPT's "appointed US agent." *Id.*, p. 2. Throughout its Response, OPENWATER repeatedly asserts that CONCEPT made the decision to deny coverage – but what OPENWATER fails to realize is that CONCEPT's authorization to make such a decision does not, in fact, render it an insurer. On the contrary, the insurance provider in this case has always been GLI. Consequently, as explained more fully in its Reply in Support of its 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, the facts do not support the proper exercise of this Court's jurisdiction over CONCEPT.

**OPENWATER's Pending Motion for Leave to File Amended Complaint**

OPENWATER filed its Motion for Leave to File Amended Complaint ("Motion") on September 25, 2018. *See* DE #34. The Proposed Amended Complaint seeks to remove the original basis for invoking federal subject matter jurisdiction in this matter, which OPENWATER originally alleged arose under the Admiralty Clause of the United States Constitution and 28 U.S.C. § 1332. *See* DE #1, p. 2 ¶ 4, and replace it with diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* DE #34-3, p. 2 ¶ 4. In its Motion, OPENWATER asserts that "[t]he allegations in the Complaint need to be changed from a breach of a Policy to a Bad Faith Breach of a Temporary Binder, which Openwater has recently discovered was issued by Concept (not by Great Lakes)." DE #34, p. 4 ¶ 11. In connection with this allegation, which CONCEPT and GLI deny, OPENWATER seeks to amend its Complaint to assert tort claims against CONCEPT, which it claims would not be governed by admiralty law. *See* DE #34-3, p. 18 ¶ 49. However, OPENWATER fails to realize that this dispute arises from the Temporary Binder, a marine insurance contract that confers admiralty jurisdiction on this Court.

Further, OPENWATER's Proposed Amended Complaint presents no new substantive allegations so as to warrant any amendments to its original Complaint. Indeed, in its original Complaint, OPENWATER already (mistakenly) alleges that CONCEPT is the insurer for the marine insurance policy at issue, DE #1, p. 2 ¶ 2, and that CONCEPT and GLI acted in "bad faith" and breached their contract with OPENWATER. *Id.*, p. 14 ¶ 3. Moreover, OPENWATER has no legal basis for bringing its claims against CONCEPT because all actions taken by CONCEPT, which OPENWATER points to as evidence of CONCEPT's "bad faith," were performed by CONCEPT as the

authorized agent for GLI and, therefore, on behalf of GLI. In addition, OPENWATER's Proposed Amended Complaint fails to include new causes of action since the allegations that CONCEPT and GLI breached the Temporary Binder merely constitutes a breach of contract claim arising under federal admiralty law, which OPENWATER already asserts in its original Complaint. While OPENWATER asserts one new allegation in its Proposed Amended Complaint—that an insurance policy was allegedly never issued to OPENWATER—such does not remove the basis of the Court's admiralty jurisdiction since the dispute arises from the Temporary Binder and allegedly non-existent policy, both of which are contracts for marine insurance. *See* DE #34, p. 4, ¶ 10.

OPENWATER's Motion is an obvious attempt by OPENWATER to keep CONCEPT in a case where CONCEPT does not belong. Opposing counsel is seemingly fixated on his conspiracy theory that CONCEPT is an insurer attempting to avoid liability (*see id.*, p. 3, ¶ 8), when in fact CONCEPT is merely an agent of the insurer, GLI. *See* DE #21-5. Despite admitting that it received the Binding Authority Agreement between CONCEPT and GLI on September 7, 2018, more than two weeks before OPENWATER moved for leave to amend its Complaint, OPENWATER continues to insist that CONCEPT is the insurer in this matter, a legal theory that is simply not supported by the facts of this case. *See* DE #34, p. 2, ¶ 7.

### The Policy Documents

The Temporary Binder clearly identifies GLI as the insurer, wherein it states, "**Insurance Provider**: Great Lakes Insurance SE". DE #1-4, p. 2. The Quotation, upon

which the Temporary Binder was based, also identifies GLI as the insurer by stating "**Insurance Provider:** Great Lakes Insurance SE". DE #21-1, p. 2.

Separate and apart from whether OPENWATER accepts the reality of who its insurer is, no action for bad faith can be asserted against the insurer. The Temporary Binder incorporates by reference the standard commercial policy language, *see* DE #30-5, p. 2, by stating "**Insured Agreement Wording:** As per PYP/5/COM." In turn, the standard commercial policy language contains a New York Choice of Law clause. *See* DE #30-5, p. 17. Under New York Law, there is no action for bad faith in a first party insurance coverage dispute. *See Head v. Emblem Health*, 156 A.D.3d 424, 424, 64 N.Y.S.3d 518 (1st Dept. 2017).

## ARGUMENT

OPENWATER's Motion is presented in bad faith and the Proposed Amended Complaint is futile. The Motion and Proposed Amended Complaint argue that CONCEPT is the insurer, which is demonstrably untrue. Moreover, OPENWATER knows that CONCEPT is not an insurer. OPENWATER's Proposed Amended Complaint fails to sufficiently allege that CONCEPT is an insurer or has engaged in bad faith. Even if the Court accepts that CONCEPT is the insurer, or considers OPENWATER's allegations of bad faith against CONCEPT as actually being against GLI, the policy prevents assertion of such a claim because New York law does not recognize a cause of action for bad faith under these circumstances.

1. **Legal Standard On a Motion for Leave to File an Amended Complaint**

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Donna M. Sands v. Integon Nat'l Ins. Co.*, No. 18-CV-00714-PAB-NYW, 2018 WL 4906321, at *2 (D. Colo. Sept. 19, 2018) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases. *Id.* (citing *Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003)).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *See, e.g., Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (holding amendment was futile where claim was subject to statute of limitations); *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (holding amendment was futile where moving party failed to allege all elements of cause of action); *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1200 (10th Cir. 2006) (holding amendment was futile where relief sought was barred by statute).

To determine whether an amendment is futile, courts apply the same standard used to evaluate a claim under Rule 12(b)(6), accepting only well-pleaded facts as true and disregarding legal conclusions, to determine if the party states a plausible claim for relief as amended. No. 18-CV-00714-PAB-NYW, 2018 WL 4906321, at *2 (citing *Weingarden v. Rainstorm, Inc.*, No. 09-2530-JWL, 2012 WL 13026753, at *1 (D. Kan. 2012)). The decision to allow amendment is solely within the trial court's discretion. *Id.* (citing *Burks v. Oklahoma Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996)).

2. **OPENWATER's Motion Should Be Denied**

OPENWATER's Motion for Leave to File an Amended Complaint should be denied for two reasons: a) the Motion and Proposed Amended Complaint are presented in bad faith; and b) the proposed amendments are futile.

### a. OPENWATER's Motion and Proposed Amended Complaint Are Presented in Bad Faith

OPENWATER is aware that GLI, rather than CONCEPT, is the insurer of the marine insurance policy issued to OPENWATER. As discussed more fully in CONCEPT's Reply in Support of its 12(b)(2) Motion to Dismiss, CONCEPT is not an insurer and has never been one. *See* DE #40. As discussed above, the aforementioned Quotation and Temporary Binder refer to GLI as the "insurance provider" for the policy. Despite being provided with numerous cases in which CONCEPT (or its corporate predecessor) was recognized as the agent of its fully disclosed principal, *see* DE #26, pp.'s 6-7, as well as the Binding Authority Agreement between CONCEPT and GLI, OPENWATER somehow continues to maintain that CONCEPT is the insurer.

Clearly, neither the facts nor law support OPENWATER's argument that CONCEPT is the insurer in this matter. Nevertheless, OPENWATER continues to present its baseless argument to the Court. OPENWATER is a broken record on this issue, and should not be permitted to continue.

### b. OPENWATER's Proposed Amended Complaint Should be Denied As Futile

As discussed, OPENWATER's claims for bad faith against CONCEPT must fail because CONCEPT is not the insurer. As such, OPENWATER fails to present a legally cognizable claim for breach (bad faith or otherwise) against CONCEPT. In addition, OPENWATER fails to present any well-pleaded facts supporting CONCEPT's alleged

status as an insurer. Nor does OPENWATER present any well-pleaded facts that CONCEPT, or GLI, engaged in bad faith.

GLI denies all allegations of bad faith asserted against it. Upon receiving notice of the incident of April 28, 2018, GLI caused an investigation to be made into the facts and circumstances surrounding it. DE #9, p. 9 ¶ 14. That investigation established that the damage sustained to the insured vessel was not due to anything of a fortuitous nature, and therefore was not covered under the terms of the policy. *Id.* ¶ 15. That investigation also established that numerous recommendations in the Letter of Compliance submitted by OPENWATER with its insurance application had not actually been complied with. *Id.* ¶ 16.

Even if the Court were to accept OPENWATER's allegations of bad faith as properly pleaded, which are denied, no such action can be maintained per the express agreement between the parties. OPENWATER contends that no policy was ever issued, *see* DE #34, p.3 ¶ 8; DE #34-3, p. 6 of 19 ¶ 24, without realizing that the Temporary Binder between it and GLI is a policy of marine insurance. Notwithstanding its "temporary" nature, the Temporary Binder is nonetheless a policy of marine insurance. *See, e.g., Republic Ins. Co., Dallas, Tex. v. French*, 180 F.2d 796, 798 (10th Cir. 1950) (holding that binder was an effective insurance contract); *Grande v. St. Paul Fire & Marine Ins. Co.*, 436 F.3d 277, 281 (1st Cir. 2006) (discussing generally that temporary binder was considered a marine insurance contract under federal admiralty law). As discussed above, the Temporary Binder incorporates by reference the standard commercial policy language of PYP/5/COM. This standard policy language includes the following section, in pertinent part:

**11. Service of Suit, Choice of Law and Forum**

**It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty Law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.**

*See* DE #30-5, p. 17 of 17. The above forum-selection clause is mandatory and clearly establishes that any and all disputes under the policy will be subject to New York law, where no federal admiralty law on the subject exists.

It is axiomatic that New York Law does not normally recognize a claim for bad faith in first party insurance coverage disputes. *See Head v. Emblem Health*, 156 A.D.3d 424, 424, 64 N.Y.S.3d 518 (1st Dept. 2017), citing *Orient Overseas Assocs. v. XL Ins. Am., Inc.*, 132 A.D.3d 574, 577, 18 N.Y.S.3d 381 (1st Dept. 2015); *McGowan v. Great N. Ins. Co.*, 78 A.D.3d 1137, 1137, 911 N.Y.S.2d 663 (2d Dept. 2010).

In light of the forum-selection clause in the policy, no claim for bad faith can be asserted against the insurer under the allegations presented by OPENWATER's Proposed Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, Defendants urge the Court to deny OPENWATER's Motion for Leave to File an Amended Complaint. In the first place, the allegations in the Proposed Amended Complaint are not new, and amendment should be denied on this basis alone. Moreover, the Motion was submitted in bad faith because OPENWATER knows, or should know by now, that CONCEPT is not the insurer. Claims to the contrary are frivolous and made with a dilatory motive. In addition, OPENWATER has failed to sufficiently plead that the insurer engaged in bad faith, or that CONCEPT engaged in bad

faith that is attributable to GLI. Lastly, per the choice of law clause in the policy, OPENWATER cannot maintain a claim for bad faith against the insurer under these circumstances.

Wherefore, Defendant/Counter-Plaintiff GREAT LAKES INSURANCE SE and Defendant CONCEPT SPECIAL RISKS, LTD respectfully request that this Court deny Plaintiff OPENWATER's Motion for Leave to File an Amended Complaint.

Respectfully submitted, this 26th day of October, 2018.

ATTORNEYS FOR GREAT LAKES
INSURANCE SE

| McCONAUGHY & SARKISSIAN, P.C. | GOLDMAN & HELLMAN |
|---|---|
| By:   /s/ Elizabeth C. LaVance<br>Ivan A. Sarkissian, CO Bar No. 28817<br>Elizabeth C. LaVance, CO Bar No. 50751<br>8310 South Valley Highway, Suite 250<br>Englewood, Colorado 80112<br>Tel: (303) 649-0999<br>Fax: (303) 649-0990<br>Email: sarkissian@mslawpc.com<br>Email: elavance@mslawpc.com | By:   /s/ Michael I. Goldman<br>Michael I. Goldman, MA Bar No. 677362<br>Goldman & Hellman<br>233 Harvard Street, Suite 211<br>Brookline, MA 02446<br>Tel: (617) 566-4200<br>Fax: (617) 566-4292<br>Cel: (617) 320-9854<br>Email:michael@goldmanandhellman.com |

## CERTIFICATE OF SERVICE

      I hereby certify that on October 26, 2018, I electronically filed the foregoing DEFENDANT/COUNTER-PLAINTIFF GREAT LAKES INSURANCE SE AND DEFENDANT CONCEPT SPECIAL RISKS, LTD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Richard A. Oertli, #24926
24800 Squaw Pass
Evergreen, CO 80439
T: 720-799-5217
E: dickoertli@gmail.com
Counsel for Openwater Safety IV, LLC

                                                                      /s/ Michael I. Goldman, Esq.