# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-1400

OPENWATER SAFETY IV, LLC

Plaintiff,

v.

CONCEPT SPECIAL RISKS, LTD, and

GREAT LAKES INSURANCE SE,

Defendants.

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### A. CONCEPT'S STATEMENTS IN ITS RESPONSE

**1. CONCEPT'S RESPONSE**:

> *"The present dispute arises out of a Temporary Binder of marine insurance (hereinafter "Temporary Binder")* **issued by the Defendant/Counter-Plaintiff, GLI,** *to the Plaintiff/Counter-Defendant, OPENWATER SAFETY IV, LLC ("OPENWATER"). Docket Entry #9, p. 6, ¶ 1."* Response, p. 1.

**OPENWATER'S REPLY:**

That is not accurate. The Temporary Binder ("Binder") was not issued by Great Lakes. It was issued by Concept. Great Lakes admitted the following in responses to Interrogatories:

a) The decision to issue the Temporary Binder was made by a Concept Manager. Not by Great Lakes. Interrogatory Response No. 2. Ex 5;

b) "Prior to the filing of the above captioned suit, no representative of Concept communicated with any representative of Great Lakes regarding denying the Plaintiff's claim." Interrogatory Response No. 4; and

c) The decision to provide temporary coverage and the decision to deny coverage was made by a Manager and a Director of Concept. Interrogatory Response No. 8.

In its Response, Concept has not denied any of those admissions. Concept has supported its statement that it did not issue the Binder only with argument of counsel. It has not presented any facts that controvert the admissions, allegations and verified statements that the Binder was issued by Great Lakes, and not by Concept.

**2. CONCEPT'S RESPONSE:**

> *"Throughout its pleadings thus far, OPENWATER has mistakenly asserted that GLI is a reinsurer and that **CONCEPT was in fact the insurer**. At all times relevant hereto, CONCEPT was **merely the authorized underwriting and claims handling agent** for and on behalf of GLI with respect to the policy of marine insurance issued to OPENWATER by GLI. See DE's #26, 40, 40-1." Response, pp. 1-2.*

**OPENWATER'S REPLY:**

Openwater has not "asserted that GLI is a reinsurer and that Concept was in fact the insurer". This is what Openwater stated in its Motion for Leave:

> "Great Lakes did not provide a copy of the agency agreement between Great Lakes and Concept until September 7, 2018. ...The agreement is more than sixty pages; and is so complex it may require interpretation by an expert in the insurance industry. But it appears Great Lakes has vested absolute authority in Concept to bind and deny insurance, which may mean Concept is the insurer, and Great Lakes is a re-insurer." Mot., pp. 2-3.

Without offering any supporting facts in the Response, Concept's counsel argues that Concept was "merely the authorized underwriting and claims handling agent for and on behalf of GLI." Whether Concept's alleged actions were within the authorized acts of an agent is a question of fact.

Similarly, in its Response, Concept does not confront the question of whether it was an agent of a "fully disclosed principal", or an agent of a "partially disclosed principal" not entitled to immunity under the policy. Whether a principal

3

is partially or completely disclosed is question of fact. *Water, Waste & Land, Inc. v. Lanham*, 955 P.2d 997 (Colo. 1998).

Nor does Concept address that Openwater is asserting both a tort claim and a civil theft claim directly against it for misconduct not based on agency or breach of a policy. Even agents of a disclosed principal cannot escape personal liability for their own wrongs. *Wilbourn v. Mostek Corp.*, 537 F.Supp. 302, 304 (D.Colo.1982).

"An agent is subject to liability to a third party harmed by the agent's tortious conduct. Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment." *Restatement (Third) of Agency*, §7.01, Agent's Liability to Third Party. *Restatement (Third) of Agency*, §7.02, comment *b* explains:

> *In general.* An agent whose conduct is tortious is subject to liability. This is so whether or not the agent acted with actual authority, with apparent authority, or within the scope of employment. Sections 2.01 and 2.02 define actual authority. Section 2.03 defines apparent authority. Section 7.07(2) states when an agent who is an employee acts within the scope of employment.

**3. CONCEPT'S RESPONSE:**

> "OPENWATER's Proposed Amended Complaint **fails to include new causes of action** since the allegations that CONCEPT and GLI breached the Temporary Binder merely constitutes a breach of contract claim arising under federal **admiralty law**, which OPENWATER already asserts in its original Complaint." Response, p. 4.

**OPENWATER'S REPLY:**

Not true. Openwater is asserting civil theft as a new cause of action (See Fourth Claim.).

Also, the denial of coverage and theft claims are not based on admiralty law, but on the common and statutory laws of Colorado because the tort and theft occurred in Colorado, and not on the "high seas" or navigable waters. See paragraph 49 of the Amended Complaint.

Admiralty jurisdiction is extraordinarily complex, and may have to be briefed later on in this case.

**4. CONCEPT'S RESPONSE:**

> "The above forum-selection clause is mandatory and clearly establishes that any and all disputes under the policy will be subject to **New York law**, where no federal admiralty law on the subject exists." Response, p. 9.

**OPENWATER'S REPLY:**

Openwater disagrees. New York law does not apply. As Openwater alleges in paragraph 50 of the Amended Complaint, "New York law does not apply because Openwater was never given, and never agreed to, a Policy that stated the governing law was New York."

Openwater's tort and theft claims do not arise out of a contract, therefore they are not covered by the choice of law provision. *Caton v. Leach*, 896 F.2d 939, 943 (5th Cir. 1990).

**B. FUTILITY STANDARD IN THE DISTRICT COURT OF COLORADO**

An amendment is futile if it would not survive a motion to dismiss. *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).

While the Court may deny an amendment on futility grounds, "[p]rejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir.

2006); see also 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (3d ed. 2010) ("Perhaps the most important factor... for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading.").

Courts in this district have refused to undertake an analysis of futility in the absence of arguments concerning prejudice. *Guy v. Jorstad*, Civil Action No. 12-cv-01249-PAB-KMT United States District Court, D. Colorado. November 2, 2012. See also, *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. 2011).

Concept has not accepted as true Openwater's allegations. Instead, it has countered them with argument of counsel. Nor has Concept made a compelling case as to how it would be prejudiced.

Respectfully submitted this 2nd day of November, 2018.

*/s/ Richard A. Oertli*

Richard A. Oertli, #24936
24800 Squaw Pass
Evergreen CO 80439
720-799-5217
Email: dickoertli@gmail.com
Counsel for Openwater Safety IV, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of November, 2018 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

ATTORNEYS FOR GREAT LAKES INSURANCE SE:

>Steven E. Goldman
>Goldman & Hellman
>8751 West Broward Boulevard, Suite 404
>Ft. Lauderdale, FL 33324
>954-356-0460
>Fax: 954-832-0878
>Email: steven@goldmanandhellman.com

>Michael Isaac Goldman
>Goldman & Hellman-Brookline
>233 Harvard Street, Suite 211
>Brookline, MA 02446
>617-320-9854
>Fax: 617-566-4292
>Email: michael@goldmanandhellman.com

>Elizabeth LaVance
>McConaughy & Sarkissian, P.C.
>8310 South Valley Highway
>The Pointe at Inverness, Suite 250
>Englewood, CO 80112
>303-649-0999
>Fax: 303-649-0990
>Email: elavance@mslawpc.com

*/s/ Gregg Roberts*

Gregg Roberts
Legal Assistant for Richard A. Oertli
gregg@legalsupport-sc.com

9