**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01400-NYW

OPENWATER SAFETY IV, LLC,

      Plaintiff,

v.

CONCEPT SPECIAL RISKS, LTD, and
GREAT LAKES INSURANCE SE,

      Defendants.

---

**ORDER ON PLAINTIFF'S MOTION TO AMEND AND
DEFENDANT'S RULE 12(b)(2) MOTION**

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on:

(1)     Plaintiff Openwater Safety IV LLC's ("Plaintiff" or "Openwater") Motion for Leave to File an Amended Complaint ("Motion to Amend") [#34, filed July 19, 2018]; and

(2)     Defendant Concept Special Risk Ltd's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Incorporated Memorandum of Law ("Motion to Dismiss") [#26, filed August 27, 2018].

      Defendants/Counter Claimant Concept Special Risks and Great Lakes Insurance ("Concept" and "GLI" individually; collectively "Defendants") filed their Response in opposition to the Motion to Dismiss on October 26 [#41] and Plaintiff filed his Reply on November 2 [#42].

On November 14, this court ordered Defendants to file a sur-reply to address certain arguments set forth in the proposed Amended Complaint but not referenced in the Motion to Amend itself. Plaintiff filed a Response to the Motion to Dismiss on September 17, 2018 [#33], and Concept replied on October 26, 2018 [#40].  The undersigned Magistrate Judge fully presides over this matter pursuant to the Parties' Consent [#24] and the Order of Reference dated August 14, 2018 [#25].  After carefully reviewing the Motion to Amend, Defendants' Response, Plaintiff's Reply, Defendant's Sur-Reply [#44], the entire case file, and the applicable case law, the Motion to Amend is **GRANTED IN PART** and **DENIED IN PART.**  In addition, Concept's Motion to Dismiss based on lack of personal jurisdiction is **DENIED AS MOOT**.

## BACKGROUND

The following facts are drawn from the pleadings in this matter and the documents incorporated by them.  Plaintiff originally initiated this case pursuant to the court's admiralty jurisdiction.  [#1 at ¶ 6 citing U.S. Const. art. III, § 2].  In 2018, Openwater's predecessor, Greenwood Energy LLC, purchased the *Paititi*, a Lagoon 52F catamaran and retained Mr. Jonathan Sands, a Naval Architect, Marine Engineer, and Professional Marine Surveyor, to conduct an inspection post-purchase.  [#1 at ¶¶ 10, 11].  Mr. Sands' report ("the Sands Report") indicated scores of various deficiencies with the vessel, but nonetheless reported that it was in "average condition" with a fair market value of $850,000 and a replacement value of $1,450,000. [*Id.* at ¶ 12].  Openwater was formed to own and charter the *Paititi*.  [*Id.*].

On March 29, Openwater certified in a letter of compliance ("LOC") that that the more serious deficiencies in the *Paititi* had been corrected, though there remained a host of unresolved, less serious issues as recognized in the Sands Report.  [*Id.* at ¶¶ 14–16].  Based on these

representations, GLI issued a Temporary Binder on April 6, 2018 which was valid until May 7, 2018.[1] [*Id.* at ¶ 17; #1-4 at 1]. The terms of the policy are reflected in the "Private and Pleasure Yacht Insurance Agreement" ("Insuring Agreement"). [#1 at ¶ 29]. Openwater paid the policy premium in full on April 18, 2018. [#1 at ¶ 18]. The *Paititi* began operations on April 26, 2018. [*Id.* at ¶ 20].

Three days into her first voyage, the *Paititi* suffered a dismasting, i.e., the mast collapsed, causing extensive damage to the vessel. [*Id.* at ¶ 21]. Plaintiff filed a claim, and Defendants designated an adjustor, Joe Ellen, to investigate. [*Id.* at ¶ 22–24]. Defendants then sent a surveyor, John Gordon, to survey the *Paititi*. [*Id.* at ¶¶ 24–26]. The Gordon Report conflicted with the representations made in the LOC and states that "very little or nothing" identified in the Sands Report had been completed. [*Id.* at ¶¶ 26–27; #1-5]. Defendants refused to pay the out the Temporary Binder in any amount, even the amount required to conduct minimum repairs to return the vessel to the United States. [*Id.* at ¶¶ 28–30].

Openwater filed suit on June 6, 2018 and asserted two claims for relief. First, Openwater seeks a declaratory judgment under New York law to, in short, establish their entitlement to the insurance pay-out and Defendants' liability for bad faith denial of the insurance claim. [*Id.* at p. 9–12, ¶¶ 1–6]. Openwater also asserts a claim for breach of contract. [*Id.* at p. 12–13, ¶¶ 1–6]. Rather than Answer the Complaint, Concept filed a Motion to Dismiss under Rule 12(b)(2),

---

[1] A Temporary Binder is a short-term insurance policy that an insurance company issues as a temporary measure until a more formal arrangement is reached. *Springer v. Allstate Life Ins. Co. of New York*, 731 N.E.2d 1106, 1108 (N.Y. 2000).

alleging that this court lacked personal jurisdiction over them as a British company and disclosed agent of the actual insurer, GLI.  [#26].  Openwater then filed this instant Motion to Amend.  [#34].

Openwater argues that it should be granted leave to amend because "[t]he allegations in the Complaint need to be changed from a breach of a Policy to a Bad Faith Breach of a Temporary Binder, which Openwater has recently discovered was issued by Concept (not by [GLI])."  [*Id.* at ¶ 11].  In support, Plaintiff alleges that conversations with Defense counsel have clarified the relationship between Concept and GLI, and while "[o]riginally, it looked like [GLI] had issued [the] Policy . . . it [has become] clear . . . that a Policy was never issued."  [*Id.* at ¶ 10].  Though the Motion does not state that it seeks to add in other claims, the red-lined version of the Proposed Amended Complaint does add two new claims not addressed in the Motion:  violations of C.R.S. §§ 10-3-1104(1)(m), 10-3-1115 and civil theft.  [#34-3].  For the purposes of efficiency, the court exercises its discretion to consider the Motion to Amend as requesting to amend in all claims provided in the proposed Amended Complaint.

Defendants oppose the proposed amendments on the basis that they are futile and sought in bad faith.  [#41 at 5; #44].  Specifically, Defendants argue that the amendment is sought in bad faith because Openwater, upon receipt of the Authority Agreement which defines the relationship between GLI and Concept as between a principal and agent respectively, knew that Concept is not and has never been an insurer, and therefore asserting claims against Concept for breaching an insurance policy can only be viewed as a bad faith end-run around Concept's pending 12(b)(2) motion.  [#41 at 4, 7].  According to the Defendants, clear and unchallenged authority establishes that Concept is GLI's fully disclosed principal, not an insurer, and yet Plaintiff persists in his efforts to add a claim against Concept for breaching an insurance agreement.  [*Id.*].  Defendants

4

point out that the Temporary Binder, attached to the Complaint, clearly identifies GLI as the insurer, not Concept. [*Id.* at 4] (citing #1-4 at 2 ("Insurance Provider: Great Lakes Insurance SE")). Accordingly, because Concept is not an insurer, there cannot be a legally cognizable claim that Concept breached an insurance contract. [*Id.* at 7–8]. There are also no allegations of bad faith by either GLI or Concept, and thus Plaintiff's bad faith claim must fail; and even if there are sufficient allegations of such, "[i]t's axiomatic that New York Law does not normally recognize a claim for bad faith in first party insurance coverage disputes." [*Id.* at 8].

In their Reply, Openwater argues that Defendants' arguments are inconsistent with their response to interrogatories. [#42 at 1–2]. Openwater claims that Concept was closely involved with issuing the Temporary Binder by its own admissions.[2] [*Id.* at 2]. Further, the precise relationship between Concept and GLI is a question of fact, as is the extent of alleged malfeasance by an agent and whether such agent has incurred personal liability. [*Id.* at 3–4]. Openwater further insists that the civil claims asserted by the proposed Amended Complaint are new, not simply a retread of the original Complaint's contractual claims, and sound in the "common and statutory laws of Colorado because the tort and theft occurred in Colorado, and not the 'high seas' or navigable waters." [#42 at 5].

In their Sur-Reply, Defendants address those claims asserted in the red-lined version of the Motion to Amend. Defendants argue that under New York law, the civil theft claim fails because retention of an insurance premium pending resolution of a coverage dispute is not improper. [#44

---

[2] Because Plaintiff did not attach the actual written discovery responses, it is unclear if Plaintiff is directly quoting the Defendants' responses or not.

at 3–4].  Defendants then point out that if New York law applies, then allegations of violations of

Colorado law do not state a claim.  [*Id.* at 4–5].

## STANDARD OF REVIEW

*Amendment of Pleadings.*  Rule 15(a) provides that leave to amend "shall be freely given

when justice so requires."  Fed. R. Civ. P. 15(a).  The court may refuse leave to amend upon a

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure

to cure deficiencies by amendments previously allowed, or futility of amendment.  *Minter v. Prime*

*Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Forman v. Davis*, 371 U.S. 178, 182

(1962)).  The party contesting the motion to amend has the burden of proving that the amendment

should be refused on one of these bases.  *Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D.

645, 654 (D. Kan. 2003).

A proposed amendment is futile if the complaint, as amended, would be subject to

dismissal.  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004); *see, e.g.*, *id.* (futile because

claim was subject to statute of limitations); *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir.

2007) (futile for failure to allege all elements of cause of action); *Lind v. Aetna Health, Inc.*, 466

F.3d 1195, 1200 (10th Cir. 2006) (futile because amended claim would seek relief barred by

statute).  In considering whether an amendment is futile, courts apply the same standard used to

evaluate a claim under Rule 12(b)(6), accepting well-pleaded facts as true and reviewing solely to

determine if the Complaint states a plausible claim for relief as amended.  *Weingarden v.*

*Rainstorm, Inc.*, No. 09-2530-JWL, 2012 WL 13026753, at *1 (D. Kan. July 12, 2012).  While the

court's analysis is typically focused on the allegations as set forth within the four corners of the

Complaint – or in this case, the proposed Amended Complaint, the court may consider documents

6

referred to in the complaint that are central to the claims without converting the motion to dismiss into one for summary judgment. *Grynberg v. Koch Gateway Pipline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir.2004).  The decision to allow amendment is within the trial court's discretion.  *Burks v. Oklahoma Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996).

     *Personal Jurisdiction.*  "A federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31, 127 S. Ct. 1184, 1191, 167 L. Ed. 2d 15 (2007) (observing that without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case).  Ordinarily, the court would first consider Concept's Motion to Dismiss because it challenges the court's personal jurisdiction over it.  However, because Openwater seeks to amend its operative pleading, this court first considers whether such amendment will be permitted, and in turn, if claims will proceed against Concept, before addressing the issue of personal jurisdiction.

## ANALYSIS

## I.    Preliminary Matters

### A.    Admiralty Law Applies

     The primary issue at this stage is whether the proposed amendments to the Complaint are futile, or in other words, whether they fail to state a claim such that they would be subject to dismissal under Rule 12(b)(6) if permitted.  Defendants' arguments primarily but not exclusively center on a legal question—whether the proposed claims are cognizable under the governing law.  Thus, the court must resolve the threshold issue of what substantive law applies.  In so doing, the

court is keenly aware that the parties have not substantively briefed this issue and therefore the court makes careful note of the fact that nothing in this Order shall be construed as addressing the choice of law question in this case in any other context, including but not limited to subsequent Rule 12 and Rule 56 motions.

In their Reply, Plaintiff argues that "the denial of coverage and [civil] theft claims are not based on admiralty law, but on the common and statutory laws of Colorado because the tort and theft occurred in Colorado, and not on the 'high seas' or navigable waters." [#42 at 5]; *see also* [#34-3 at ¶ 49] ("Admiralty law does not apply because the tort was committed in Colorado and not on navigable waters."). The proposed Amended Complaint invokes this court's diversity jurisdiction, not its admiralty jurisdiction. [*Id.* at ¶ 4]. The court must now determine if state law governs the claims or if federal admiralty law does in the first instance.

"Since the insurance policy here sued on is a maritime contract[,] the Admiralty Clause of the Constitution brings it within federal jurisdiction." *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 313 (1955); *see also The Belfast*, 74 U.S. (7 Wall.) 624, 641–42 (1868) (rejecting the argument that federal admiralty jurisdiction over maritime contracts is limited by the Commerce Clause); *Great Lakes Reinsurance (UK), PLC v. Sea Cat I, LLC*, 653 F. Supp. 2d 1193, 1197 (W.D. Okla. 2009) ("An ocean marine insurance policy is governed by federal admiralty law."). With admiralty jurisdiction comes the application of substantive admiralty law, and without a statute on point, the general maritime common law applies. *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986); *Diesel "Repower", Inc. v. Islander Investments Ltd.*, 271 F.3d 1318, 1322 (11th Cir. 2001). Even when the court has concurrent diversity jurisdiction and admiralty jurisdiction, federal maritime law governs. *Pope & Talbot v.*

*Hawn*, 346 U.S. 406, 410–11 (1953) (rejecting application of state law and the *Erie* Doctrine in cases of concurrent admiralty/diversity jurisdiction); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990); *Butler v. Am. Trawler Co.*, 707 F. Supp. 29, 31 (D. Me. 1989) (applying federal maritime law when Plaintiff brought state-law diversity action and did not designate the action as maritime under Fed. R. Civ. P. 9(h)).  Therefore, the court respectfully disagrees with Plaintiff's claim that federal maritime law does not apply to this case, and finds that Plaintiff's decision to bring this case pursuant to the court's diversity jurisdiction is not determinative.

Federal maritime law generally enforces contractual choice-of-law provisions.  *Triton Marine Fuels Ltd., S.A. v. M/V PACIFIC CHUKOTKA*, 575 F.3d 409, 413 (4th Cir. 2009); *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997).  But here Plaintiff also challenges the applicability of the choice of law clause in the Insuring Agreement attached to the original Complaint.

### B.    Choice of Law

In the original Complaint, Plaintiff Openwater presupposed the applicability of New York State law in this matter.  *See, e.g.*, [#1 at ¶ 31, p. 10 ¶ 2] (referring to New York law applying). The Insuring Agreement, the cornerstone of Plaintiff's case and attached to their Complaint, provides that New York law applies to any disputes arising from the insurance agreement.  [#1-6 at 14].  But now, in the proposed Amended Complaint, Plaintiff claims that New York law does not apply "because Openwater was never given, and never agreed to, a Policy that stated the governing law was New York."  [#34-3 at ¶ 50].  In fact, Openwater asserts that it never received *any* policy insuring its vessel.  [*Id.* at ¶ 24].

9

Typically, the standard for futility in contesting a motion to amend is that the claim would be subject to dismissal if amendment was granted, and thus would require evaluation under the circumstances as alleged in the proposed Amended Complaint.  But the court is not obliged to accept Plaintiff's assertion that "Openwater was never given, and never agreed to, a Policy that stated the governing law was New York," [#34-3 at ¶ 50] when the Temporary Binder [#1-4] and the Insuring Agreement are central to proposed Amended Complaint, attached to the original Complaint, and of undisputed authenticity.  [#1-4; #1-6].  Plaintiff's assertion that it never received such a contract cannot be reconciled with its assertion in both the original Complaint and the proposed Amended Complaint that it was issued a Temporary Binder, with coverage beginning on April 7, 2018.  *Compare* [#1 at ¶ 17 incorporating by reference #1-4] *with* [#34-3 at ¶ 25].  And Plaintiff relies upon the Insuring Agreement in the proposed Amended Complaint for its argument that disputes could be resolved in the federal District Court where Openwater resides, and for its argument that Concept is an insurer under the policy.  [#34-3 at ¶¶ 32–34].  Regardless of the applicable law, Plaintiff alleges that Defendants breached the Temporary Binder.  [*Id.* at ¶¶ 33–34, 52].  Not only do Plaintiffs not challenge the authenticity of the documents *they themselves provided*, they make no other effort to identify the "real" insuring documents or to explain either their prior (and current) reliance on the Temporary Binder and Insuring Document or prior reliance on the applicability of New York Law.

A court may take judicial notice of a fact contrary to a plaintiff's assertion if taking judicial notice is otherwise appropriate under FRE 201.  *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  Courts may also consider documents which are referred to in the complaint if the documents are central

to the plaintiff's claim and the parties do not dispute the documents' authenticity. *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir 2010). "[W]here a complaint references extrinsic documents which contradict other general allegations in the complaint, a court is not obliged to accept the contradicted allegations as true." *Malone v. City of Wynnewood*, No. Civ-17-0527-HE, 2017 WL 3671170, at *2 (W.D. Okla. 2017) (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1238 (10th Cir. 2014)). Openwater cannot accept and interpret the documents that lie at the core of its claims in its favor and then repudiate them when inconvenient. Therefore, this court finds that despite Plaintiff's insistence that Openwater received *no* insurance policy [#34-3 at ¶ 24], the Temporary Binder and the Insuring Agreement comprise the insurance policy central to its claims. *See e.g.* [*id.* at ¶¶ 12, 13, 15, 22, 25]. Having rejected Plaintiff's contention that Openwater is not bound by the Temporary Binder and Insuring Agreement, the court must now decide what law applies to Plaintiff's proposed tort claims.

As discussed above, this court's subject matter jurisdiction arises under federal admiralty law notwithstanding Plaintiff's failure to designate this case under Rule 9(h) and putative reliance on this court's diversity jurisdiction. As noted, under federal admiralty law, a court will generally enforce choice-of-law provisions. *Triton Marine*, 575 F.3d at 413. Here, the choice of law clause in the Insuring Agreement provides that:

**11. Service of Suit, Choice of Law and Forum.**

**It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.**

11

[#1-6 at 14 (emphasis in original)].[3]

Even if this court were to apply Colorado law to considering the choice of law issue, Colorado courts typically apply the law chosen by the Parties in the choice-of-law provisions to govern their contractual rights. *See, e.g.*, *Kipling v. State Farm Mut. Auto. Ins. Co.*, 159 F. Supp. 3d 1254, 1265 (D. Colo. 2016); *Wright v. Martek Power, Inc.*, 314 F. Supp. 2d 1065, 1067–68 (D. Colo. 2004). The court will therefore evaluate the futility of the proposed Amended Complaint under New York law to the extent that law applies in the absence of federal maritime law.

### C.     Tort and Theft Claims

Lastly, the court considers and rejects Plaintiff's claim that their "tort and theft claims do not arise out of a contract [and] therefore they are not covered by the choice of law provision." [#42 at 6]. For support, Plaintiff cites *Caton v. Leach Corp.*, 896 F.2d 939 (5th Cir. 1990), an opinion from the United States Court of Appeal for the Fifth Circuit ("Fifth Circuit") applying Texas law. In that case, the court stated that the "claims for relief involve the tort duty of good faith and fair dealing and a claim for restitution under *quantum meruit*, and, as such, do not arise out of the contract" and thus were not bound by the choice of law clause in the contract. *Id.* at 943.

---

[3] This clause is an application of the rule in the United States Supreme Court's decision in *Wilburn Boat*, 348 U.S. at 313, which provides that a dispute over a marine insurance contract is governed by state law unless there is an established federal maritime common law rule or the need for national uniformity warrants such a rule. The court will therefore rely on *Wilburn Boat* and its progeny in determining what constitutes "well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice" to the extent necessary.

The court is not persuaded that *Canton* controls in these circumstances.  While the court agrees that bad faith claims against insurers may be distinct from contractual breach of contract claims which may affect the applicable choice of law principles, *see Kipling*, 774 F.3d at 1312, the choice of law provision contained in the Insuring Agreement provides that "any dispute" arising from the Insuring Agreement is governed by either Federal Admiralty law or the substantive law of the State of New York.  [#1-6 at 14].  All of Plaintiff's claims, both in the original Complaint and in the proposed Amended Complaint, arise from the parties' performance under the insurance contract and subsequent coverage dispute.  *Canton* is distinguishable, as the choice of law clause in that case was "narrow" and provided only that state law would "construe" the contract.  *Id.* at 943, 943 n.3.  Here, the clause is broader and plainly covers all potential theories or claims arising from the insurance contract.

## II.     Motion to Amend

### A.     Futility

The court has determined that the choice of law clause applies when evaluating the proposed Amended Complaint for futility.  Therefore, the court will proceed in the manner contemplated by the clause: first determining if there is applicable federal maritime common law, and if not, using New York state law to fill in the gaps.

***Counts One and Two in the Proposed Amended Complaint.*** Plaintiff seeks to assert a claim for Count One, bad faith breach of the Temporary Binder [#34-3 at ¶¶ 51–65] and for Count Two, breach of contract (based on the Temporary Binder) against both Defendants.  [*Id.* at ¶¶ 66–73].  In response, Defendants argue that no breach of contract claim may lie against Concept because it is not an insurer and point out that New York law does not recognize a claim for bad

faith denial of insurance in disputes in this context. *New York Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 770 (N.Y. 1995); *Orient Overseas Assocs. v. Xl Ins. Am., Inc.*, 18 N.Y.S.3d 381, 383 (N.Y. App. Div. 2015). However, before the court considers state law, it must first consider if there is a well-established, entrenched principle or precedent of substantive United States Federal Admiralty law and practice.

There does not appear to be a well-established, entrenched principle of federal admiralty law on this point. Admiralty law scrupulously applies the doctrine of *uberrimae fidei*, or "utmost good faith," but application of that doctrine has been limited to situations of concealment or misrepresentation by the insured, not denial of a claim by the insurer. *See, e.g.*, *AGF Marine Aviation & Transp. v. Cassin*, 544 F.3d 255, 262 (3d Cir. 2008); *New York Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 266 F.3d 112, 121 (2d Cir. 2001); *Thebes Shipping, Inc. v. Assicurazioni Ausonia SPA*, 599 F. Supp. 405, 426 (S.D.N.Y. 1984). The court did not locate any relevant law permitting an independent claim for bad faith denial of insurance benefits under federal maritime common law, and so pursuant to the choice of law clause, the court agrees with Defendants that New York State law controls as described above.

Here, the court finds that these two counts are duplicative under New York law, and therefore Plaintiff's attempt to amend a claim for bad faith breach of the binder is futile because it is duplicative of the breach of contract claim which has already been asserted. Therefore, the Motion to Amend is **DENIED** as futile as to Claim 1 in the proposed Amended Complaint.

As for Defendants' arguments with respect to Claim 2, GLI may be sued for breach of contract and has not moved for dismissal. Instead, Concept contends that it may not be sued for breach of contract because it is clearly not the insurer, but only the "authorized underwriting and

claims handling agent for an on behalf of GLI with respect to the policy of marine insurance issued to OPENWATER by GLI." [#41 at 1–2]. "Ordinarily, only parties to contracts are bound by their provisions or liable for their breach." 17A AM. JUR. 2D CONTRACTS § 400; *see also Piranesi Imports Inc. v. Laverne,* 36 Misc. 2d 1077, 1078, 233 N.Y.S.2d 659, 661 (Sup. Ct. 1962). There is no dispute that Temporary Binder indicates that insurance provider is Great Lakes Insurance SE [#1-4 at 2], and the Insuring Agreement indicates that "[w]e, us and our," refers to "the insurers named on the declaration page or accompanying schedule at insurers" [#1-6 at § 1(b)], i.e., GLI. The Insuring Agreement further provides that "[t]his is a legally binding insurance contract between you and us" that again refers to Openwater and GLI. [*Id.* at § 2]. In the proposed Amended Complaint, Plaintiff alleges that "[u]pon information and belief, Great Lakes has vested absolute authority in Concept to bind and deny insurance, which may mean Concept is the insurer, and Great Lakes is a re-insurer." [#34-3 at ¶ 42]. But there are no factual averments that support that conclusion, and without more, there is an insufficient basis to support the amendment to include Concept as a party to the contract that could commit the breach complained of. *See Dember Const. Corp. v. Staten Island Mall,* 56 A.D.2d 768, 769, 392 N.Y.S.2d 299, 300 (1977) (holding that "there has been no showing by the plaintiff by allegation in the complaint or by evidence other than conclusory statements in its affidavit on the motion to dismiss that, aside from [defendant's] natural domination as managing agent over contractual transactions with the plaintiff, it enjoyed total domination over the defendant corporate entities and used that domination in order to commit the breach complained of." (citations omitted)). Accordingly, this court **DENIES** the leave to amend as to Concept as to Claim 2, but the court **GRANTS** such amendment as to GLI.

15

*Count Three*.  Plaintiff's proposed third claim [#34-3 at 22] alleges violations of Colo. Rev. Stat. §§ 10-3-1104(1)(m), 10-3-1115 against Concept alone.  Amendment as to these claims is futile as Colorado law does not apply.  Therefore, the Motion to Amend is denied as to Count 3 in the proposed Amended Complaint.

*Count Four*.  In Count Four, Plaintiff seeks to bring a claim of civil theft against Concept based on its retention of the premium it paid for the Temporary Binder.  [#34-3 at ¶¶ 76–78].  Defendants claim this amendment would be futile because under New York law, retention of a premium pending resolution of an insurance claim does not constitute civil theft.  [#44 at 4].  As before, the court must begin with a survey of federal maritime common law to determine if there is an applicable federal rule.  The court's own research has not revealed any federal maritime common law on the issue of civil theft, and neither have the Parties pointed the court to any.  Thus this court proceeds to determine whether amendment is futile under New York law.

Defendants point this court to two decisions, *Royal Ins. Co. of America v. Harbor Shuttle, Inc.*, No. CV-97-3828 (CPS), 1999 WL 33236523 (E.D.N.Y. Jan. 25, 1999) and *Stony Brook Marine Transp. Corp. v. Wilton*, No. 94-CV-5880 (JS), 1997 WL 538913, at *12 (E.D.N.Y. Apr. 21, 1997) [#44 at 4], both of which this court finds distinguishable.  *Harbor Shuttle* dealt with a policy that was void ab initio under the *uberrimae fidei* doctrine regarding non-disclosure in the policy agreement.  1999 WL 33236523 at *4.  Here, the policy's initial validity is not challenged and the parties are not similarly situated to those in *Harbor Shuttle*.  Rather, Plaintiff contends that Concept knowingly deprived it of the "unearned premium payment."  [#34-3 at ¶ 77].  Similarly, in *Stony Brook*, "the . . . issue is whether the return of an insurance premium is necessary for an effective claim denial based on alleged misrepresentations made to an insurer and where an insurer

16

defends an action on the ground that insured breached an express warranty . . . ."  1997 WL 538913, at *9.  The court's discussion of retention of the policy premium had nothing to do with civil theft.  *Id.* at *12.  This is also plainly distinguishable from the present case as Plaintiff's affirmative civil theft claim against Concept is not based on any alleged misrepresentation by Plaintiff.  Although the court finds Defendants' authority distinguishable, it accepts the broader point that such amendment is futile.

By Plaintiff's own admission, his civil theft claim is premised on Colorado law.  [#34-3 at ¶ 49; #42 at 5].  The court has already determined that Colorado law does not apply in this case, instead a combination of federal admiralty law and New York state law does.  Therefore, the proposed amendment is futile in much the same manner as Plaintiff's state law claim in Count Three was.  But in the interests of completeness, the court notes several other reasons why such amendment is futile.  First, even if Plaintiff could move forward under Colorado law, Colorado courts have found that the economic loss rule precludes recasting a breach of contract claim as a civil theft claim when the theft and breach are so inextricably intertwined that one could not be proven without proving the other.  *W. Convenience Stores, Inc. v. Thielen*, No. 09-CV-02626-LTB-BNB, 2011 WL 866755, at *7 (D. Colo. Mar. 14, 2011); *Rees v. Unleaded Software, Inc.*, 383 P.3d 20, 28 (Colo. App. 2013), *rev'd in part on other grounds sub nom. Van Rees v. Unleaded Software, Inc.,* 373 P.3d 603 (Colo. 2016).

Second, applying New York law comes to much the same result for several reasons.  Plaintiff has identified no basis for a claim for civil theft under New York Law.  In addition, New York appears to apply the common law of conversion to such disputes, and holds that a plaintiff may not allege a conversion claim when the underlying claim is, in substance, simply a breach of

contract. *Accordia Northeast Inc. v. Thesseus Int'l Asset Fund, N.V.*, 205 F. Supp. 2d 176, 182 (S.D.N.Y. 2002) ("This case involves a contract claim, pure and simple. Plaintiff's sole interest is in the insurance premiums it claims it was owed pursuant to its contracts with defendants. Merely redescribing defendants' alleged breach as an act of conversion is not sufficient to state a valid, distinct claim for relief."). There are no separate allegations contained in the proposed Amended Complaint that suggests that Concept lured Openwater into obtaining insurance coverage in this case knowing that its later claim would be denied, and Plaintiff's conclusory statement to the contrary is insufficient. [#34-3 at ¶¶ 76–77]. Accordingly, the court finds that amendment of the civil theft claim is futile, and **DENIES** the Motion to Amend as to Count Four.

*Count Five.* In the original Complaint, Plaintiff sought declaratory relief under New York law against both Defendants. [#1 at p. 9–12, ¶¶ 1–4]. In the proposed Amended Complaint, Plaintiff also seeks declaratory relief against both Defendants, but no longer under New York law. [#34-3 at ¶¶ 79–81]. Defendants generally oppose amendment, but do not mount a specific argument against amended declaratory relief. *See generally* [#41; #44]. However, because the amendment implicates the court's subject matter jurisdiction, the court has an independent duty to evaluate whether the proposed declaratory relief is permissible. *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Further, courts have the discretion to hear declaratory judgment claims, and a trial court may *sua sponte* consider the appropriateness of such claims even if not raised by either party. *Peck v. Asset Mgmt. Assocs., LLC*, Civ. No. 3:17-cv-2923-N, 218 WL 3455511, at *3 (N.D. Tex. July 18, 2018); 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2759 (4th ed. 2018).

Courts have the discretionary authority to adjudicate claims for declaratory judgment pursuant to the Declaratory Judgment Act of 1934 which provides, in relevant part, that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The use of the discretionary "may" vests courts with the "unique and substantial discretion" to hear such cases. *United States v. City of Las Cruces*, 289 F.3d 1170, 1179 (10th Cir. 2002) (quoting W*ilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)); *see also State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) ("[T]he district court is not obliged to entertain every justiciable declaratory claim brought before it."). Because not all of Plaintiff's proposed bases for declaratory relief adequately invoke this court's subject matter jurisdiction, because amendment is futile so far as it is premised on Concept's status as an insurer, and pursuant to this court's discretion to hear declaratory relief, the court denies the proposed amendment of Count Five in part.

As an initial matter, the court must distinguish between those claims which are proper subjects of declaratory relief, and those which are allegations of fact necessary to establish the other counts in the proposed Amended Complaint. A request for declaratory relief must present an actual case or controversy such that it would be independently justiciable under Article III of the United States Constitution. *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011). A claim for declaratory relief that does not present an independently justiciable case or controversy does not invoke the court's subject matter jurisdiction—even in the broad context of the court's admiralty jurisdiction—and the court need not undergo the *Mhoon* analysis. *Mhoon*, 31 F.3d at 982 ("[T]he district court is not obliged to entertain every *justiciable* declaratory

claim brought before it." (emphasis added)); *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 181 (2d Cir. 2018); *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 66 (2d Cir. 2012).   Plaintiff asserts seven bases for declaratory relief against both Concept and GLI:

    (1) Whether Defendants can be compelled to cover the *Paititi*'s dismasting;

    (2) Whether Defendants are estopped from denying coverage;

    (3) Whether Defendants knew or should have known that some of the deficiencies in the Sands Report could have been addressed in the future;

    (4) Whether Plaintiff made material misrepresentations that rendered the Binder or Insurance Agreement unenforceable;

    (5) Whether the form provided to the Plaintiff regarding the repairs to be made to the Vessel was ambiguous;

    (6) Whether Plaintiff made a good faith and timely effort to provide the Defendants with requested information, and;

    (7) Whether Defendants can deny coverage for the dismasting.

[#34-3 at ¶ 80].   These claims may be broadly categorized into two types.   Claims (1), (2), and (7) are substantive restatements of the breach of contract claim, just worded differently.   Whether Defendants are obligated to provide insurance coverage— Claims (1) and (7)—or estopped from denying the same—Claim (2)—is the same issue implicating largely the same facts as the breach of contract claim already alleged in the Complaint.   The remainder of the claims—Claims (3), (4), (5), and (6)—are questions of fact which are relevant to the matter at hand, but do not themselves carry independent legal significance.   As discussed above, there are insufficient factual allegations

to plausibly establish that Concept is the insurer.  Accordingly, Claims (1), (2), and (7) are permissible only as to Great Lakes, and the court denies amendment as to those claims against Concept on the basis of futility, under both the court's general discretion pursuant to the Declaratory Judgment Act and the court's general authority in considering a motion to amend.

Claims (3), (4), (5), and (6) are isolated questions of fact which do not constitute an independent case or controversy.  *Columbian Fin. Corp.*, 650 F.3d at 1380 ("The [Supreme] Court made clear that generally one cannot bring a declaratory-judgment action just to resolve one isolated issue in a possible future controversy. A declaratory judgment that would not have practical consequences without later additional litigation is not proper."); *see also id.* ("[W]hen the request is not for ultimate determination of rights but for preliminary findings and conclusions intended to fortify the litigant against future regulation, it would be a rare case in which the relief should be granted." (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 246 (1952)). These claims are precisely such preliminary findings not properly the subject of a separate declaratory judgment action as they do not, on their own, constitute a case or controversy under Article III; even if they did, the court would exercise its discretion to decline to hear such claims. *See Golf Club, L.L.C. v. Am. Golf Corp.*, No. CIV-16-946-D, 2017 WL 1655259, at *2 (W.D. Okla. May 2, 2017) (rejecting declaratory judgment claims because "Plaintiff fails to identify any issue for resolution by declaratory relief that cannot be resolved in the context of its separate claim for breach of contract.").  Thus, amendment as to those claims is entirely denied, though the court notes that these same issues may be subject to discovery.

### B.     Bad Faith

Apart from also asserting that a bad faith breach of contract claim cannot stand independently, Defendants claim that Plaintiff's proposed amendment is sought in bad faith.  [#41 at 7; #44 at 2].  According to Defendants, Plaintiff is claiming that Concept is the insurer when it knows that GLI is the insurer and there is no legitimate basis to claim that Concept is the insurer when GLI has produced ample discovery on the issue and Plaintiff has attached the Temporary Binder, which identifies GLI as the insurer, to its original Complaint.  Defendants refer to this alternately as a "conspiracy theory" [#41 at 4] and "paranoid fantasy" made with the intent to harass Concept [#44 at 2].  Plaintiff does not address the bad faith argument in his Reply.  *See generally* [#42].

The court does not find bad faith in the present circumstances to warrant a denial of an otherwise proper amendment.  Asserting a legal claim with which Defendants disagree, even a claim with an evidently questionable basis in the record, is neither bad faith nor harassment without some evidence that the claim is brought for extra-legal purposes.  Plaintiff seeks this amendment based on information learned during discovery, and sets forth legal arguments for the significance of that new information.  [#34 at 3–4].  *PNC Bank, Nat. Ass'n v. Wolters Kluwer Fin. Servs., Inc.*, 73 F. Supp. 3d 358, 377 (S.D.N.Y. 2014).  The court has not previously considered and rejected any of these claims.  *Sherrod v. McHugh*, 249 F. Supp. 3d 85, 87 (D.D.C. 2017).  These claims, while ultimately unsuccessful given the unchallenged Temporary Binder identifying GLI as the insurer and the lack of sufficient evidence in the record establishing Concept as anything more than an agent, are not so facially deficient in legal support or reason that the court is left to conclude that the claims have been brought for an illegitimate purpose.

### C.      Concept Special Risks, Ltd's Pending Rule 12(b)(2) Motion [#26]

Also pending before this court is Concept's Motion to Dismiss for lack of personal jurisdiction.  [#26].  In the Motion to Dismiss, Concept challenges this court's exercise of personal jurisdiction in this case.   As noted above, the matter is fully briefed and ready for decision. However, the relief provided by this Order substantively moots the issue because the court is permitting amendment of the operative Complaint in part, but denying leave to amend any claims against Concept.   As of the date of the filing of the Amended Complaint, there will be no pending claims against Concept and therefore no need to resolve the 12(b)(2) Motion.   The Motion is therefore denied as moot.

## CONCLUSION

For the foregoing reasons, this court **ORDERS** that:

(1)      Plaintiff's Motion for Leave to File an Amended Complaint [#34] is **GRANTED** as to:

      A.  Count Two as alleged against GLI, and

      B.  Claims (1), (2), and (7) in Count Five as against GLI.

(2)      Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED** without prejudice in all other respects.

(3)      Plaintiff shall file an Amended Complaint consistent with the relief granted in this Order on or before **December 17, 2018**, with GLI's responsive pleading or motion due no later than **December 31, 2018**.

(4)      Concept Special Risks, Ltd's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Incorporated Memorandum of Law [#26] is **DENIED AS MOOT**.

DATED: December 12, 2018          BY THE COURT:

                                        Nina Y. Wang

                                        United States Magistrate Judge